**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR CHARLES GALLEGOS, | No. 10-15322 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01877-MHM |
| v. | |
| STATE OF ARIZONA, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Mary H. Murguia, District Judge, Presiding

Submitted February 11, 2013[**]

Before:     FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

Arthur Charles Gallegos appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging a Second Amendment claim

arising out of the the Arizona Court of Appeals's denial of his request as a

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes that this case is suitable for
decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

convicted felon to restore his right to bear arms. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the dismissal of an action under the *Rooker-Feldman* doctrine, *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003), and for an abuse of discretion the denial of a motion for leave to amend, *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002). We affirm.

The district court properly dismissed Gallegos's action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because it amounted to a forbidden "de facto appeal" of a state court judgment and raised a constitutional claim that was "inextricably intertwined" with that state court judgment. *See Noel*, 341 F.3d at 1163-65; *see also Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (*Rooker-Feldman* bars "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced" from asking federal courts to review those judgments).

The district court did not abuse its discretion in denying Gallegos leave to file a second amended complaint because, even if Gallegos could explain how his proposed amended complaint differed from his operative complaint, amendment would have been futile. *See Chodos*, 292 F.3d at 1003 (dismissal without leave to amend is proper where the complaint cannot be saved by any amendment); *see also Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir.

2004) (discretion to deny leave to amend is "particularly broad" where plaintiff has previously filed an amended complaint).

Gallegos's contentions regarding the alleged violations of his rights in various state court criminal, habeas, and special actions are unpersuasive.

Gallegos's motion for relief with respect to a pending special action in Arizona state court is denied.

**AFFIRMED.**